# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| YVONNE THOMAS, | ) |
| | ) CIVIL ACTION NO. |
| *Plaintiff,* | ) |
| | ) **JURY TRIAL DEMANDED** |
| v. | ) |
| | ) |
| ROCKDALE COUNTY and DEDRA HALL | ) |
| | ) |
| *Defendants.* | ) |

## COMPLAINT

COMES NOW Plaintiff Yvonne Thomas ("Ms. Thomas"), by and through her undersigned counsel, and sets forth this Complaint for damages against the above-named Defendants Rockdale County ("Defendant") and Dedra Hall ("Defendant Hall") (collectively "Defendants"). Plaintiff respectfully shows this Court as follows:

## INTRODUCTION

1. This action is for sexual harassment and retaliation arising under Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e, *et seq*. ("Title VII"), and related state-law claims. Plaintiff seeks declaratory and injunctive relief, back pay, front pay, compensatory damages, punitive damages and attorney's fees

1

and costs. Plaintiff further invokes pendant jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide claims arising under the laws of the State of Georgia for assault, battery, negligent supervision, and negligent retention.

## JURISDICTION AND VENUE

2. Ms. Thomas's Title VII claims present federal questions over which the Court has jurisdiction under 28 U.S.C. § 1331 and 42 U.S.C. §2000e-5(f)(3).

3. This Court has pendant jurisdiction over Ms. Thomas's claims arising under the laws of the State of Georgia pursuant to 28 U.S.C. § 1367.

4. This Court is an appropriate venue for all of Ms. Thomas's claims under 28 U.S.C. § 1391(b) and 42 U.S.C. §2000e-5(f)(3), because all of the parties reside within the Northern District of Georgia, and a substantial majority of events giving rise to Ms. Turner's claims occurred in this judicial district.

## ADMINISTRATIVE PROCEEDINGS

5. Ms. Thomas filed a timely charge of discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of the Charge is attached hereto as Exhibit "A" and is incorporated herein.

6. Ms. Thomas received a notice of right to sue from the EEOC within the last ninety (90) days and has complied with all other conditions precedent to the institution of this lawsuit. A true and accurate copy of the Notice of Right to Sue is attached hereto as Exhibit "B" and is incorporated herein.

## **PARTIES**

7. Ms. Thomas is a female citizen of the United States and resides in the Northern District of Georgia.

8. Ms. Thomas was employed by Defendant at all times material to this Complaint.

9. Ms. Thomas is a member or a protected class under Title VII.

10. Defendant Rockdale County, Georgia is a political subdivision of the State of Georgia and a body corporate organized and existing under the Constitution of the State of Georgia. Ga Const. Art. 9 § 1 ¶ 1.

11. Defendant Rockdale County is subject to the jurisdiction of this Court and may be served with process through its Chairman, Oz Nesbitt, Sr., and its Board of Commissioners, Sherri L. Washington and Doreen Williams, at 962 Milstead Avenue, Conyers, Georgia 30012, if formal service of process is not waived.

12. Defendant Employer employed fifteen or more employees for each working day in each of twenty or more calendar weeks in 2017.

13. Defendant Employer is subject to the anti-discrimination provisions of Title VII.

14. Defendant Hall resides in Newton County, Georgia and is subject to the jurisdiction of this Court by virtue of transacting business and committing a tortious act within this state.

15. Defendant Hall may be served at 135 Harrison Circle, Covington, Georgia 30016, if service of process is not waived.

## FACTUAL ALLEGATIONS

16. Ms. Thomas began working for Defendant as an On-Call Administrator with the Rockdale County Magistrate Court on or around November 6, 2017.

17. By all accounts, Ms. Thomas was an exceptional employee, and did not receive any written warnings or negative performance reviews.

18. In early 2018, Defendant Hall began to sexually harass Ms. Thomas, subjecting her to unwelcome comments and touching of a sexual nature.

19. Specifically, on or around February 14, 2018, Defendant Hall noticed that Ms. Thomas's fiancée had flowers and Valentine's Day gifts delivered to Ms. Thomas at the office.

20. Defendant Hall approached Ms. Thomas and asked to see her nail polish; Ms. Thomas held her hands close to her body but nevertheless, Defendant Hall grabbed Ms. Thomas's hand, pulled it away from her body, and caressed and fondled them.

21. At the same time, Defendant Hall asked Ms. Thomas "what did you do to get all of this? Did you drop to your knees?"

22. Defendant Hall continued on to accuse Ms. Thomas of having hickies on her neck, further commenting "what are you doing to your man? I want to get some of that."

23. Defendant Hall's comments and unwanted touching were accompanied by sexually suggestive leering facial expressions.

24. Starting around the same time, Defendant Hall began "breast on breast" hugging Ms. Thomas when greeting her in the office.

25. Despite Ms. Thomas's obvious discomfort with the "breast on breast" physical contact, Defendant Hall continued the sexually harassing behavior.

26. On February 21, 2018 Ms. Thomas emailed her supervisor, Judge Phinia Aten, requesting a meeting with Aten so that she could complain about Defendant Hall's unwelcome sexually harassing conduct.

27. Judge Aten did not respond.

28. Defendant Hall continued to sexually harass Ms. Thomas so much so that Ms. Thomas's co-workers mentioned to Ms. Thomas how odd it was that Defendant Hall hugged her, and not others, in a "breast to breast" fashion.

29. As the harassment continued, Plaintiff grew more and more uncomfortable around Defendant Hall and would try to avoid any contact with Defendant Hall.

30. Defendant Hall's sexually harassing conduct continued and hit a high note on April 12, 2018.

31. On April 12, 2018, Ms. Thomas was in co-worker Davincia Thurmond's office discussing work-related issues.

32. Defendant Hall entered Thurmond's office, immediately complaining about other employees of Defendant.

33. While doing so, Defendant patted her gun, holstered to her hip, saying that she was going to pay people to "whoop those bitches' asses, shoot them."

34. Ms. Thomas and Thurmond were shocked by Defendant Hall's behavior and became fearful of Hall and her threats.

35. During her tirade, Defendant Hall approached Ms. Thomas and inserted her hand into the collar opening of Ms. Thomas's dress, and fondled Ms. Thomas's right breast with her hand.

36. Ms. Thomas, shocked, stepped back, grabbed the opening of her dress, and buttoned the top buttons in an effort to prevent Defendant Hall from touching her again.

37. Regardless, Defendant Hall continued to unbutton Ms. Thomas's dress, saying "don't button it, don't button it," and again put her hand into the top opening of Ms. Thomas's dress, this time fondling both of Ms. Thomas's breasts.

38. Again, Ms. Thomas recoiled and gathered the top of her dress together.

39. Defendant Hall again forced her hand into Ms. Thomas's dress and fondled both of her breasts, saying "yeah you got 'em, show 'em."

40. Ms. Thomas stepped back again, and this time was able to exit Thurmond's office.

41. Up until this point, Ms. Thomas feared retaliation if she made an official complaint about Hall's continuing sexually harassing conduct, but Defendant Hall's actions in groping and fondling her breasts on that day left her no choice.

42. Later that day, at approximately 1:30 p.m., Ms. Thomas called the Defendant's Talent Management department and left a voicemail on the hotline reporting that she needed to report a serious. issue to Talent Management/Human Resources.

43. Shortly thereafter, Talent Management/Human Resources Grievance Agent Neni Valentine returned Ms. Thomas's call, whereupon Ms. Thomas described Defendant Hall's conduct and complained of sexual harassment.

44. Valentine instructed Ms. Thomas to put her complaint and details of what transpired in an email.

45. Late April 12/early April 13, Ms. Thomas emailed Valentine with the requested details, and made a written complaint of sexual harassment.

46. Valentine acknowledged receipt of Ms. Thomas's complaint.

47. The sexual assault greatly affected Ms. Thomas; however she needed to continue to work in order to support her family.

48. On or around April 16, Ms. Thomas informed Talent Management/Human Resources Director Toni Holmes and Valentine that she wished to return to work on April 17, 2018.

49. Holmes denied Ms. Thomas's request to return to work at that time.

50. On April 18, Ms. Thomas sought medical attention due to the severe anxiety and mental issues she was suffering as a result of the sexual harassment and touching.

51. On April 20, 2018, Ms. Thomas again contacted Talent Management/Human Resources with her complaint; Talent Management/Human Resources instructed her to make her complaint on an official Rockdale County document, which she did on April 25, 2018.

52. From April 12 through April 27, Defendant did not allow Ms. Thomas to return to work.

53. When she was finally allowed to return to work, Defendant retaliated against her by drastically reducing her hours from twenty-nine (29) hours per week to approximately four hours per week.

54. This reduced schedule ran from April 27 through May 14.

55. On or around May 8, 2018, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). A true and accurate copy of Plaintiff's Charge of Discrimination is attached hereto as Exhibit "A" and is incorporated herein.

56. On May 14, Defendant further retaliated against Ms. Thomas by moving her to the Water Department and only scheduling her for 20 hours per week.

57. Ms. Thomas informed Defendant that the Water Department position would not work for her due to her child care obligations, of which Defendant was aware.

58. On July 2, 2018, Ms. Thomas filed a police report with the Rockdale County Sheriff's Department detailing Defendant Hall's sexual battery.

59. Shortly thereafter, Ms. Thomas needed to take medical leave to care for her mental health; she was scheduled to return to work on July 23, 2018.

60. Despite numerous attempts to contact Defendant regarding returning to work, Defendant has not responded as of the date of the filing of this Complaint, nor has it scheduled Ms. Thomas to return to work.

61. In addition, Defendant has ignored Ms. Thomas's repeated requests for a resolution of her official grievance.

62. Defendant Hall was not disciplined or terminated by Defendant and in fact was put on administrative leave with pay on August 9, 2018, after a warrant was issued for her arrest for the crime of Sexual Battery on the same date.

63. After the Rockdale County Sheriff's Office determined that Defendant Hall violated Defendant's policies regarding sexual harassment, duty to abide by all laws and orders, and duty to be courteous/professional, Defendant Hall was allowed to resign her position effective September 7, 2018.

64. Throughout Defendant's investigation into Ms. Thomas's allegations, Defendant Hall engaged in witness intimidation in an effort to prevent Defendant's employees from being forthcoming without fear of retaliation.

65. In November 2018, the parties appeared at a hearing regarding Ms. Thomas's claim for unemployment benefits.

## COUNT I
## SEXUAL HARASSMENT IN VIOLATION OF TITLE VII

66. Plaintiff hereby incorporates each and every preceding paragraph as if fully set forth herein.

67. Ms. Thomas is an "employee" and belongs to a protected group as defined by Title VII, 42 U.S.C. § 2000e *et seq.*

68. Defendant is an "employer" as defined by Title VII, 42 U.S.C. § 2000e *et seq.*

69. Ms. Thomas was subjected to a sexually hostile work environment by Defendant Hall, for which Defendant Rockdale County is liable.

70. This unwelcomed sexual harassment was sufficiently severe and pervasive enough to alter the terms and conditions of Plaintiff's employment and to create a hostile and discriminatorily abusive working environment.

71. At all times relevant to this action. Defendant Rockdale County knew of Defendant Hall's sexual harassment of Ms. Thomas and the existence of a hostile work environment but failed to take immediate remedial action to protect Ms. Thomas.

72. Instead, Defendant allowed a sexually harassing work environment to exist and continue.

73. Moreover, Defendant retaliated against and effectively terminated Ms. Thomas for opposing the unlawful conduct.

74. Defendants' actions constitute unlawful intentional sex discrimination in violation of Title VII of the Civil Rights Act, as amended, thus entitling Ms. Thomas to all appropriate relief under the statute.

75. Defendants' actions were willful, deliberate, and intended to cause Ms. Thomas harm and/or were committed with reckless disregard of the harm caused to Ms. Thomas and were in derogation of her federally protected rights.

76. As a direct and proximate result of the above-mentioned discriminatory conduct, Plaintiff suffered damages including lost wages and benefits, diminished employment opportunities and emotional distress, for which Defendant Employers are liable.

## COUNT II
## RETALIATION IN VIOLATION OF TITLE VII

77. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

78. Ms. Thomas engaged in a protected activity under Title VII by making complaints of sexual harassment to Talent Management/Human Resources regarding Defendant Hall's physical touching and sexually offensive comments.

79. Because of Ms. Thomas's complaints of sexual harassment, Ms. Thomas has not been given any other job opportunities although there are open positions that she is qualified for and has effectively been terminated in retaliation for engaging in protected activity by complaining of and opposing the sexual harassment.

80. The true reason Ms. Thomas has not been allowed to return to work was to retaliate against her for making complaints of sexual harassment and retaliation.

81. Defendants' actions constitute unlawful intentional retaliation in violation of Title VII of the Civil Rights Act, as amended.

82. Defendants willfully and wantonly disregarded Ms. Thomas's rights and Defendants' retaliation against Ms. Thomas was undertaken in bad faith.

83. As a result of Defendants' unlawful actions, Ms. Thomas has suffered lost compensation and other benefits of employment, significantly diminished employment opportunities, emotional distress consisting of, but not limited to, outrage, shock, and humiliation., inconvenience, loss of income, and other indignities.

## COUNTS III AND IV
## ASSAULT AND BATTERY

84. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

85. Ms. Thomas endured actions that led her to reasonably anticipate and fear that Defendant Hall would engage in unwanted touching and sexual conduct toward her which was unwelcome and without consent.

86. Defendant Hall assaulted Ms. Thomas while conducting business for Defendant.

87. Defendant Hall engaged in unwanted touching and sexually charged conduct toward Ms. Thomas that was offensive, unwelcome, and without consent.

88. Defendant Hall battered Ms. Thomas at the workplace controlled by Defendant.

## COUNTS V AND VI
## NEGLIGENT SUPERVISION AND NEGLIGENT RETENTION

89. Plaintiff hereby incorporates each and every preceding paragraph as if set forth fully herein.

90. At all times material to this Complaint, Defendant owed a legal duty of care toward its employees to exercise reasonable care and prudence in the hiring, supervision, and retention of its employees. By and through the conduct, actions, and malfeasance cited above, Defendant breached the above described legal duties of care that it owed to Ms. Thomas.

91. Defendant knew that Defendant Hall had sexually assaulted and battered Ms. Thomas and was subjecting her to sexually harassing comments and behavior because of Ms. Thomas's complaints of sexual harassment and the open and obvious nature of Defendant Hall's conduct in the workplace.

92. Defendant failed to take prompt and appropriate remedial steps to protect Ms. Thomas from sexual harassment by Defendant Hall.

Case 1:19-cv-02430-MLB   Document 1   Filed 05/28/19   Page 15 of 16

93.   Because of Defendant's negligent supervision and retention, Ms. Thomas suffered damages in the form of lost wages and benefits, significantly diminished employment opportunities, and emotional distress.

WHEREFORE, Plaintiff demands a trial by jury and for the following relief:

(a)   that Summons issue;

(b)   that Defendants be served with Summons and Complaint;

(c)   that trial by jury of all issues be had;

(d)   that judgment be issued against Defendants for any and all general, special, liquidated, and where applicable, punitive damages as allowed by law under each and every count and cause of action contained in this Complaint;

(e)   for injunctive relief and declaratory relief;

(f)   for all costs of this action to be taxed against Defendants;

(g)   for all costs and attorneys' fees to be awarded to Plaintiff; and

(h)   for any and all further relief as this Court may deem just and equitable under the circumstances.

Respectfully submitted, this 28th day of May, 2019.

*/s/ J. Stephen Mixon*
J. Stephen Mixon
Georgia Bar No. 514050
steve@mixon-law.com
Jaime L. Duguay

15

                                                Georgia Bar No. 829447  
                                                jaime@mixon-law.com

J. STEPHEN MIXON, P.C.  
1691 Phoenix Boulevard  
Suite 150  
Atlanta, GA  30349  
Ph: (770) 955-0100  
Fax: (678) 999-5039